**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LEANDRO MIGUEL REYES AGUIAR,

       *Petitioner*,

v.                                         Case No. 3:26-cv-1337-WWB-LLL

WARDEN, BAKER COUNTY
CORRECTIONAL INSTITUTION, et al.,

       *Respondents.*

_____/

## <u>ORDER</u>

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("**ICE**"), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). He is proceeding on an Amended Petition wherein he argues, among other things, that ICE failed to comply with its own regulations when it revoked Petitioner's supervised release and re-detained him on November 19, 2025. (Doc. 4 at 9). He asks the Court to order his immediate release. (*Id.* at 11).

Federal Respondents filed a response advising that they are "unable to ascertain sufficient facts . . . to establish that Petitioner's supervised release was revoked according to the procedures established by law." (Doc. 12). They also acknowledge that the Court will likely conclude that they have not met their burden in justifying Petitioner's continued prolonged detention. (*Id.* at 2). As such, Federal Respondents do not oppose Petitioner's request for release. (*Id.*).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Amended Petition (Doc. 4) is **GRANTED** as to Petitioner's claim that Federal Respondents failed to comply with the appropriate procedures when revoking his supervision.[1] Respondents shall release Petitioner **within 24 hours of this Order**, subject to and in accordance with the conditions in his preexisting order of supervision. Upon release, Respondents shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Warden's Motion to Dismiss (Doc. 10) is **DENIED**.

3. The **Clerk** shall enter judgment granting the petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on June 15, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c:
Counsel of record

---

[1] Because the Court grants relief on Petitioner's claim regarding the revocation of his supervision, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2